## * WILLIAM E. BIRD & Co. *v.* WALTER TAYLOR.

### *Trustee Process. Attaching Creditors.*

Under the Act of 1867, No. 1, § 1, where the first attachment by trustee process was returnable before a justice of the peace, and the second attachment to the county court, the second attaching creditor held entitled to participate *pro rata* in the proceeds of the attachment.

The first attaching creditor's claim to participate held not defeated by failing to file a copy of the record of his judgment with the clerk of the county court, under the provisions of § 6, in a case where the second attaching creditor neglected to file his claim to participate until it was too late for the first creditor to comply with the requirements of section 6.

THE case was submitted to the court, upon the following agreed statement of facts.

This is an action on the case against the sheriff of Windham county, for the default of his deputy, Chandler Pratt. Plea, the

---

* Tried February term, 1870.

general issue.   Trial by the court, September term, 1869, BAR-RETT, J., presiding.

The defendant was sheriff of Windham county, and Chandler Pratt his deputy.

George H. Wilbur owed Willard Shepard $241.12.   January 2d, 1868, George · Kellogg commenced a suit by trustee process against Shepard, and Wilbur trustee, returnable before Lewis N. Sprague, a justice of the peace of Windham county, the 13th of January.   Pratt served the writ on the defendant and trustee, and attached some personal property.   January 10th, the plaintiffs commenced a suit by trustee process against Shepard, and Wilbur trustee, returnable to the April term, 1868, of the county court, Windham county, and gave the writ to Pratt, to serve according to the provisions of No. 1 of the acts of 1867.   January 11th, he served the writ on the defendant and trustee, and attached the · same property subject to Kellogg's attachment.   January 13th, the parties to the suit before Sprague appeared, the trustee disclosed, and the case was continued to January 20th, and on that day the plaintiff recovered judgment against the defendant for $158.61 damages, and $7.70 costs of suit, in all, $166.31, and recovered judgment against the trustee on his disclosure for that amount.   January 31, Pratt filed with the county clerk copies of the plaintiffs' and Kellogg's writs and returns thereon, and on the copy of the plaintiffs' writ, after stating the service upon the trustee and the attachment of the property, stated as follows :   " The foregoing is attached on one prior writ, in favor of one George Kellogg, against the within named defendant, and I hereby certify that the second plaintiffs claim to participate in the avails of such prior attachment."   The county clerk entered the copies on his tabular register.

Subsequently other creditors commenced other suits by trustee process against Shepard and Wilbur.

September term, 1868, the plaintiffs recovered judgment in their suit for $490.96 damages, and $22.11 costs, and against the trustee for $241.12.   The court adjourned at that term September 26 ; September 28, 1868, the plaintiffs took out execution against Shepard, and October 16, 1868, put it into the hands of Pratt.

November 12, 1868, Kellogg took out execution on his judgment against Shepard and the trustee, and put it into Pratt's hands November 16, 1868.

Within 60 days of the date of plaintiffs' execution, Wilbur, the trustee, paid to Pratt, $241.12, and no party claims that Pratt ought to have collected any more than this sum of Wilbur.

None of the plaintiffs in the suit named filed any copies of their judgments with the county clerk ; the clerk so certified to Pratt.

The plaintiffs claimed of Pratt the whole money received by him of Wilbur and demanded it of him ; he did not pay over any of it, and has never returned the execution.

Upon the foregoing statement of facts, the court rendered judgment against the defendant for the plaintiffs to recover one cent damage and one cent costs, to which judgment the plaintiffs excepted.

*A. Stoddard*, for the plaintiffs.

*Waterman & Read*, for the defendant.

The opinion of the court was delivered by

STEELE, J.   The fact that the first, Kellogg's, attachment was on a justice writ does not, we think, exclude the second attaching creditors, Bird & Co., from participating *pro rata* in the proceeds of the attachment as provided by the first section of No. 1 of the acts of 1867.   See §§ 16 and 6.

The attaching creditors subsequent to Bird & Co. did not proceed regularly, and it is not pretended that they are entitled to participate.

It appears that Bird & Co. complied with all the requirements of the law.   They are therefore entitled to recover their share of the funds.

But they claimed the whole, on the ground that the first attaching creditor, Kellogg, did not file with the county clerk a copy of his justice judgment as required by § 6.   Kellogg was never, we think, brought under the operation of § 6, because no claim to

participate was filed by Bird & Co. until it was too late for Kellogg to obey the requirements of that section, and until such a claim was filed, there was no occasion to obey them.

The result is, that the first attaching creditor, Kellogg, and the second, Bird & Co., are entitled to receive of the Sheriff the avails of the trustee attachment in proportion to the amount of their respective judgments.

The judgment of the county court is reversed and judgment is rendered for the plaintiffs to recover their *pro rata* share of said trustee funds, to be assessed by the clerk on the above basis.